883 F.2d 68
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CELEBRITY FOODS, INC., Plaintiff-Appellant,
v.
DAK FOODS, INC., Defendant-Appellee.
 No. 88-1303.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1989.
Decided Aug. 3, 1989.
 
 L. Holmes Eleazer, Jr. (Allan W. Singer, Judith A. Starrett, Weinstein & Sturges, P.A. on brief) for appellant.
 John Robbins Wester (Louis A. Bledsoe, III, Robinson, Bradshaw & Hinson, P.A. on brief) for appellee.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Celebrity Foods, Inc. appeals the district court grant of summary judgment and a directed verdict in favor of DAK Foods, Inc. in its action for tortious interference with contract and unfair and deceptive trade act claims. Celebrity also appeals the grant of judgment notwithstanding the verdict on its civil conspiracy claim. We affirm.
 
 I.
 
 2
 Celebrity and DAK are competitors in the wholesale distribution of meat products. Each company distributes its products to grocery stores primarily through the services of a food broker. In 1980 Celebrity hired C & B Brokers as its representative in the North Carolina market. The contract provided for a 30-day notice before termination by either party.
 
 
 3
 In September 1984 C & B agreed to represent DAK and consequently notified Celebrity that it was immediately terminating their relationship. Celebrity subsequently brought a breach of contract suit against C & B for failing to provide 30 days notice of termination. This action, solely involving C & B and Celebrity, was later settled.
 
 
 4
 Celebrity also commenced this separate action against DAK in North Carolina state court, asserting claims for tortious interference with contract, unfair trade practices and civil conspiracy. DAK removed the action to federal court on the ground of diversity of citizenship. Prior to trial the district court dismissed Celebrity's claim for tortious interference with contract, finding that DAK did not have knowledge of the contractual obligation with which it allegedly interfered and that DAK did not possess the requisite intent to induce a breach.
 
 
 5
 Celebrity was allowed to proceed with its civil conspiracy and unfair trade practice allegations. However, after presentation of all the evidence, the court granted DAK's motion for a directed verdict on the claim for alleged unfair trade practices. The civil conspiracy claim was submitted to the jury, and after several hours of deliberation the jury reported that it was unable to reach a verdict. After the parties agreed to accept a non-unanimous verdict, the jury reported that it was divided 6 to 2 in favor of Celebrity. Although there was confusion among the parties and the court with regard to which issues the parties agreed to submit for a non-unanimous finding, these questions were mooted when DAK's motion for judgment notwithstanding the verdict was subsequently granted by the district court.
 
 II.
 
 6
 In order to prove tortious interference with contract under North Carolina law, a plaintiff must demonstrate that a defendant had knowledge of the existence of the contract and intentionally induced the other party not to perform it. Uzzell v. Integon Life Ins. Corp., 78 N.C.App. 458, 463, 337 S.E.2d 639, 643 (1985), cert. denied, 317 N.C. 341, 346 S.E.2d 149 (1986). Here, the district court correctly ruled that Celebrity failed to establish these two elements.
 
 
 7
 While Celebrity concedes that there was no direct evidence demonstrating that DAK knew of a contract between Celebrity and C & B, it contends that knowledge could be inferred from the circumstances. To the contrary, the evidence presented to the district court clearly demonstrated that DAK did not possess knowledge of an agreement nor was any evidence submitted on which such a reasonable inference could be drawn.
 
 III.
 
 8
 The district court also properly directed a verdict in DAK's favor on Celebrity's claim for unfair trade practices. The core of Celebrity's allegation was that DAK conspired with C & B to cause the termination of Celebrity's contract so that DAK could monopolize the market. Like the tortious interference claim, no evidence was presented which could form the basis for a verdict favorable to Celebrity on this claim. Finally, we hold that the district court properly granted judgment notwithstanding the verdict on Celebrity's claim for civil conspiracy.
 
 
 9
 AFFIRMED.